## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| JULIANNE LAGERSTROM | |
| CLARE BLASI, | |
| and | |
| GLORIA GARRETT | Case No. ___13-2531-JTM-KMH___ |
| Plaintiffs, | |
| v. | |
| ENTERPRISE BANK & TRUST | |
| Defendant. | |

## COMPLAINT

Plaintiffs Julianne Lagerstrom ("Lagerstrom"), Clare Blasi ("Blasi"), and Gloria Garrett ("Garrett") (hereinafter sometimes collectively referred to as "Plaintiffs") for their Complaint against Defendant Enterprise Bank & Trust ("Enterprise" and/or the "Bank" and/or "Defendant"), state as follows:

## PARTIES

1.      Julianne Lagerstrom is an individual residing at 6456 Verona, Mission Hills, Kansas 66208.

2.      Clare Blasi is an individual residing at 6231 Glenfield Drive, Fairway, Kansas 66205.

3.      Gloria Garrett is an individual residing at 10910 W. 145th Terrace, Overland Park, Kansas, 66221.

1

4.     Defendant Enterprise Bank & Trust is a trust corporation and chartered bank organized and existing under the laws of Missouri, and having its headquarters located at 150 North Meramec, Clayton, Missouri, 63105, and having an office location at 12695 Metcalf Avenue, Overland Park, Kansas, 66213.

## JURISDICTION AND VENUE

5.     This Court possesses jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this matter arises out of Federal law under 15 U.S.C. § 1691(a) and 12 C.F.R. § 202.7.

6.     Enterprise is subject to the jurisdiction of this Court by transacting business, including but not limited to maintaining several business offices, in the State of Kansas, and because the transactions giving rise to claims in this action occurred in the State of Kansas. Moreover, Enterprise has substantial, continuous, and systematic contact with the District of Kansas.

7.     Venue is proper in this court because a substantial part of the transactions giving rise to claims in this action occurred in this judicial district.

## GENERAL FACTS

8.     Table Rock Canyon, LLC ("Table Rock Canyon"), is a limited liability company organized and existing under the laws of Missouri.

9.     Frontline Development, LLC ("Frontline Development"), is a limited liability company organized and existing under the laws of Missouri.

10.    Frontline Development is the sole manager and a member of Table Rock Canyon.

11.    Nicholas Blasi is and was at all relevant times a member and sole manager of Frontline Development.

12.     Clare Blasi is the spouse of Nicholas Blasi.

13.     Gordon Garrett is and was at all relevant times a member of Frontline Development.

14.     Gloria Garrett is the spouse of Gordon Garrett.

15.     Cory Lagerstrom was at all relevant times a member of Frontline Development until December 31, 2012, when his interest was sold to Gordon Garrett and Nicholas Blasi.

16.     Julianne Lagerstrom is the spouse of Cory Lagerstrom.

17.     On or about July 30, 2007, the Bank and Table Rock Canyon entered into a loan agreement (the "Loan Agreement").

18.     Under the terms of the Loan Agreement, the definition of "Guarantor" includes, inter alia, Clare Blasi, Gloria Garrett, and Julianne Lagerstrom.

19.     Under the terms of the Loan Agreement, the definition of "Guaranty" includes, collectively, each guaranty to be executed by, inter alia, Clare Blasi, Gloria Garrett, and Julianne Lagerstrom.

20.     On or about July 31, 2007, as a condition of issuing the loan to Table Rock Canyon, the Bank required that Clare Blasi sign a personal Guaranty (the "Clare Blasi Guaranty").

21.     On or about July 31, 2007, as a condition of issuing the loan to Table Rock Canyon, the Bank required that Gloria Garrett sign a personal Guaranty (the "Gloria Garrett Guaranty").

22.     On or about July 31, 2007, as a condition of issuing the loan to Table Rock Canyon, the Bank required that Julianne Lagerstrom sign a personal Guaranty (the "Julianne Lagerstrom Guaranty").

23.     The Clare Blasi Guaranty, the Gloria Garrett Guaranty, and the Julianne Lagerstrom Guaranty (hereinafter sometimes collectively referred to as the "Guaranties") each provide that they are executed in favor of the Bank.

24.     Under the terms of the Loan Agreement, each year Table Rock Canyon was required to provide the Bank with "signed personal financial statements of each Guarantor" and "copies of all federal and state income tax returns filed by each of the Guarantors."

25.     Clare Blasi, Julianne Lagerstrom, and Gloria Garrett were each required by Enterprise to sign a document on or about March 31, 2010 labeled "Consent of Guarantors" (the "First Consent of Guarantors").  As set in the First Consent of Guarantors, the Guarantors purportedly reaffirmed that "that each Guaranty to which such Guarantor is a party is and remains in full force and effect and is enforceable against the Guarantor thereto in accordance with its terms."  The First Consent of Guarantors was required in connection with a "First Amendment to Loan Documents" dated March 31, 2010.

26.     Clare Blasi, Julianne Lagerstrom, and Gloria Garrett were each required by Enterprise to sign an undated document on or about August of 2010 labeled "Consent of Guarantors" (the "Second Consent of Guarantors").  As set out in the Second Consent of Guarantors, the Guarantors purportedly reaffirmed that "that each Guaranty to which such Guarantor is a party is and remains in full force and effect and is enforceable against the Guarantor thereto in accordance with its terms."  The Second Consent of Guarantors was required in connection with a "Second Amendment to Loan Documents" dated "August __, 2010."

27.     Clare Blasi, Julianne Lagerstrom, and Gloria Garrett were each required by Enterprise to sign an undated document on or about October of 2010 labeled "Consent of

Guarantors" (the "Third Consent of Guarantors").  As set out in the Third Consent of Guarantors, the Guarantors purportedly reaffirmed that "that each Guaranty to which such Guarantor is a party is and remains in full force and effect and is enforceable against the Guarantor thereto in accordance with its terms."  The Third Consent of Guarantors was required in connection with a "Third Amendment to Loan Documents" dated "October __, 2010."

28.     Clare Blasi, Julianne Lagerstrom, and Gloria Garrett were each required by Enterprise to sign a document dated November 26, 2010, labeled "Consent of Guarantors" (the "Fourth Consent of Guarantors").   As set out in the Fourth Consent of Guarantors, the Guarantors purportedly reaffirmed that "that each Guaranty to which such Guarantor is a party is and remains in full force and effect and is enforceable against the Guarantor thereto in accordance with its terms."  The Fourth Consent of Guarantors was required in connection with a "Fourth Amendment to Loan Documents" dated November 26, 2010.

29.     The First, Second, Third, and Fourth Consent of Guarantors are hereinafter collectively referred to as the "Consents of Guarantors."

30.     Enterprise claims that the Guaranties are enforceable against Clare Blasi, Gloria Garrett, and Julianne Lagerstrom.

## Count I: Violation of the Equal Credit Opportunity Act

31.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32.     The above-referenced Guaranties are subject to the provisions of the Equal Credit Opportunity Act ("ECOA").

33.     Clare Blasi is not a member or manager of Table Rock Canyon and does not hold a legal interest in Table Rock Canyon.

34.     Clare Blasi is not a member or manager of Frontline Development and does not hold a legal interest in Frontline Development.

35.     Gloria Garrett is not a member or manager of Table Rock Canyon and does not hold a legal interest in Table Rock Canyon.

36.     Gloria Garrett is not a member or manager of Frontline Development and does not hold a legal interest in Frontline Development.

37.     Julianne Lagerstrom is not a member or manager of Table Rock Canyon and does not hold a legal interest in Table Rock Canyon.

38.     Julianne Lagerstrom is not a member or manager of Frontline Development and does not hold a legal interest in Frontline Development.

39.     The Bank required Clare Blasi to sign the Clare Blasi Guaranty described above as a condition of issuing the loan to Table Rock Canyon for developing and constructing the Project.

40.     The Bank required Clare Blasi to sign the Clare Blasi Guaranty for the sole reason that she was the spouse of Nicholas Blasi, a member of Frontline Development and a purported Guarantor under the terms of the Loan Agreement.

41.     The Bank was required to evaluate the need for the claimed Clare Blasi Guaranty without discriminating on the basis of marital status.  If the claimed Clare Blasi Guaranty was not warranted, the Bank was required to release the Clare Blasi Guaranty.

42.     Moreover, in compliance with the Loan Agreement and the Clare Blasi Guaranty, and beginning in 2007, Nicholas Blasi and Table Rock Canyon provided the Bank with Financial Statements.

43.     Each time the Bank received Financial Statements from Nicholas Blasi and Table Rock Canyon, or reevaluated the creditworthiness of Table Rock Canyon or the Guarantors, the Bank was required to evaluate whether the claimed Clare Blasi Guaranty was warranted; and if the Clare Blasi Guaranty was no longer warranted, to release the Clare Blasi Guaranty.

44.     The Bank required Gloria Garrett to sign the Gloria Garrett Guaranty described above as a condition of issuing the loan to Table Rock Canyon for developing and constructing the Project.

45.     The Bank required Gloria Garrett to sign the Gloria Garrett Guaranty for the sole reason that she was the spouse of Gordon Garrett, a member of Frontline Development and a purported Guarantor under the terms of the Loan Agreement.

46.     The Bank was required to evaluate the need for the claimed Gloria Garrett Guaranty without discriminating on the basis of marital status.  If the claimed Gloria Garrett Guaranty was not warranted, the Bank was required to release the Gloria Garrett Guaranty.

47.     Moreover, in compliance with the Loan Agreement and Gloria Garrett Guaranty, and beginning in 2007, Gordon Garrett and Table Rock Canyon provided the Bank with Financial Statements.

48.     Each time the Bank received Financial Statements from Gordon Garrett and Table Rock Canyon, or reevaluated the creditworthiness of Table Rock Canyon or the Guarantors, the Bank was required to evaluate whether the claimed Gloria Garrett Guaranty was warranted; and if the Guaranty was no longer warranted, to release the Gloria Garrett Guaranty.

49.     The Bank required Julianne Lagerstrom to sign the Julianne Lagerstrom Guaranty described above as a condition of issuing the loan to Table Rock Canyon for developing and constructing the Project.

50.     The Bank required Julianne Lagerstrom to sign the Julianne Lagerstrom Guaranty for the sole reason that she was the spouse of Cory Lagerstrom, a member Frontline Development and a purported Guarantor under the terms of the Loan Agreement.

51.     The Bank was required to evaluate the need for the claimed Julianne Lagerstrom Guaranty without discriminating on the basis of marital status.   If the claimed Julianne Lagerstrom Guaranty was not warranted, the Bank was required to release the Julianne Lagerstrom Guaranty.

52.     Moreover, in compliance with the Loan Agreement and the Julianne Lagerstrom Guaranty, and beginning in 2007, Cory Lagerstrom and Table Rock Canyon provided the Bank with Financial Statements.

53.     Each time the Bank received Financial Statements from Cory Lagerstrom and Table Rock Canyon, or reevaluated the creditworthiness of Table Rock Canyon or the Guarantors, the Bank was required to evaluate whether the claimed Julianne Lagerstrom Guaranty was warranted; and if the Julianne Lagerstrom Guaranty was no longer warranted, to release the Julianne Lagerstrom Guaranty.

54.     The claimed Guaranties from Clare Blasi, Gloria Garrett, and Julianne Lagerstrom were not released as to Clare Blasi, Gloria Garrett, or Julianne Lagerstrom.

55.     In requiring Clare Blasi, Gloria Garrett, and Julianne Lagerstrom to execute the Guaranties and the Consents of Guarantors, the Bank discriminated against Ms. Blasi, Ms. Garrett, and Ms. Lagerstrom on the basis of marital status.  Such acts constituted a violation of the ECOA, 15 U.S.C. § 1691(a), and of Regulation B, 12 C.F.R. § 202.7.

56.     As a direct and proximate result of the conduct by the Bank, Clare Blasi, Gloria Garrett, and Julianne Lagerstrom have suffered actual damages, including, but not limited to, monetary losses, injury to credit reputation, and mental anguish, humiliation, or embarrassment.

57.     Clare Blasi, Gloria Garrett, and Julianne Lagerstrom are also entitled to punitive damages pursuant to 15 U.S.C. § 1691e(b).

58.     Clare Blasi, Gloria Garrett, and Julianne Lagerstrom are also entitled to equitable and declaratory relief from the court pursuant to 15 U.S.C. § 1691e(c) in that the Bank required Clare Blasi, Gloria Garrett, and Julianne Lagerstrom to incur personal liability on an obligation and debt contrary to provisions of federal law.  Thus, Clare Blasi, Gloria Garrett, and Julianne Lagerstrom have no liability under the claimed Guaranties.

59.     Clare Blasi, Gloria Garrett, and Julianne Lagerstrom are also entitled to recover the costs of this action together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1691e(d).

WHEREFORE, Clare Blasi, Gloria Garrett, and Julianne Lagerstrom each prays for judgment in her favor and against Enterprise Bank & Trust for (1) actual damages sustained pursuant to 15 U.S.C. § 1691e(a) and 12 C.F.R. § 202.17(b) in excess of $75,000; (2) punitive damages pursuant to 15 U.S.C. § 1691e(b) and 12 C.F.R. § 202.17(b); (3) an order from this court in favor of Clare Blasi, Gloria Garrett, and Julianne Lagerstrom and against Enterprise Bank & Trust declaring as void the purported Guaranties and Consents of Guarantors and declaring that Clare Blasi, Gloria Garrett, and Julianne Lagerstrom are not liable on the purported Guaranties pursuant to 15 U.S.C. § 1691e(c) and 12 C.F.R. § 202.17(b); (4) Clare Blasi's, Gloria Garrett's, and Julianne Lagerstrom's costs and reasonable attorneys' fees incurred pursuant to 15 U.S.C. § 1691e(d) and 12 C.F.R. § 202.17(b); and (5) for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Clare Blasi, Gloria Garrett, and Julianne Lagerstrom hereby further demand a jury trial on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Clare Blasi, Gloria Garrett, and Julianne Lagerstrom hereby designate Kansas City, Kansas as the place of trial in this case.

Respectfully submitted,

DUGGAN SHADWICK DOERR
& KURLBAUM LLC


By    /s/ David L. Ballew
      John M. Duggan, #14053
      Deron A. Anliker, # 16877
      David L. Ballew, #25056
      11040 Oakmont
      Overland Park, Kansas 66210
      jduggan@kc-dsdlaw.com
      danliker@kc-dsdlaw.com
      dballew@kc-dsdlaw.com
      (913) 498-3536
      Fax (913) 498-3538
      Attorneys for Plaintiffs